BECKER, Circuit Judge,
dissenting.
I agree with the jurisdictional framework applied by the majority, but I would resolve the question of our appellate jurisdiction differently. Finding jurisdiction, I would reach the merits and vacate the District Court’s order. I view the “clarification order” at issue not as mere interpretation but as a substantive modification of the earlier settlement order, and thus locate our appellate jurisdiction in 28 U.S.C. § 1292(a)(1). Because the District *337 Court modified the settlement order without stating reasons of the sort that Fed. R.Civ.P. 65(d) requires in the closely related context of injunction orders, I would vacate the clarification order and remand to the District Court to reconsider the order and enter supporting reasons for its modification.
On the question whether the clarification order was a modification, I agree with the majority’s analysis with respect to the scope of the in-classroom Learnball ban. But the clarification order also addresses out-of-classroom activities, and it is here that we part company. The majority fails to reconcile ¶ D of the settlement order with ¶ 3 of the clarification order. Paragraph D reads:
The Elizabeth Forward School District will permit Marwood to lead a nonschool sponsored Learnball League Club. It will be made clear the Elizabeth Forward School District is not a club sponsor. The Learnball League club will operate pursuant to the same guidelines, as from time to time adopted, as other nonschool sponsored groups that have permission to use school facilities during after-school hours. The Learnball League Club has permission to post informational circulars on school bulletin boards and to distribute such circulars to students and others in the same manner as other nonprofit, nonschool sponsored groups. The parties acknowledge the major purpose of the after-school Learnball Club is to hold a Learnball tournament.
In contrast, ¶ 3 reads:
[T]he use of the Learnball program by Plaintiff is limited to the extracurricular activity described in Paragraph “D” of the Settlement Order.
The modification I see is that H D, which in the settlement order set out a nonexclusive description of Harwood’s right to engage in Learnball-related extracurricular activity, is transmogrified by ¶ 3 of the clarification order into an extracurricular right that is exclusive. Indeed, the literal terms of ¶ 3 so constrict Harwood’s opportunities to use Learnball outside the classroom that one wonders if it is even consistent with the First Amendment, let alone fairly within the scope of the earlier settlement order. Does ¶ 3 mean that Harwood may not demonstrate Learnball in a private seminar on the weekends, or that she may not use it when teaching summer school in another school district?
The result is that since the clarification order is actually a modification of the settlement order, and so we have jurisdiction under § 1292(a)(1). Horeover, if the clarification order is a modification under the injunction-related provision of § 1292(a)(1), then it follows that it is also a modification for the purposes of the Federal Rules of Civil Procedure. Accordingly, I would look to Fed.R.Civ.P. 65 to supply the requirements for entering the order. Rule 65(d) provides that “[e]very order granting an injunction ... shall set forth the reasons for its issuance.” This would appear to apply with equal force to orders modifying injunctions and consent decrees. The bare order entered by the District Court does not explain the reasons for the modification worked by ¶ 3, and hence does not comply with Rule 65. Thus I would vacate the clarification order and remand to the District Court to reconsider the clarification order and explain the reasons behind the modification.